UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LAWRENCE SPENCER,

                            Plaintiff,        **1st AMENDED COMPLAINT**


-against-                                      14 CV  04992
                                                  (ENV-RLM)
                                                   Jury Trial Requested

CITY OF NEW YORK,
POLICE OFFICER JAY RIVERA
POLICE OFFICER - CHRISTOPHER ALVARADO.
POLICE OFFICER/SGT. WILLIAM HALL
POLICE OFFICER/LT. LEAHY
POLICE OFFICER - JOHN DOEs, #3 through 6,
NYC POLICE COMMISSIONER RAYMOND KELLY,
NYC MAYOR MICHAEL BLOOMBERG
                                          Defendants
------------------------------------------------------------------X

# INTRODUCTION

The Plaintiff, LAWRENCE SPENCER, complaining of the Defendants, by his attorney, STEVEN HUBERT, respectfully shows to this Court and alleges:

    1. This is a civil action seeking money damages brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the individually listed Defendants in the caption, and against the City of New York (CITY).

    2. The Plaintiff alleges that the individual police officer Defendants, while acting in their capacities as police officers in the City of New York and as individuals, within the County of Kings, State of New York

        a.      deprived plaintiff of his liberty unlawfully and without due process of

law,

    b.    made unreasonable search and seizure of the Plantiff,

    c.    subjected plaintiff to unnecessary and unlawful detention and prosecution,

    d.    conspired and acted to deny Plaintiff equal protection of laws,

    e.    delayed Plaintiff's access to necessary medical care,

    f.    failed to prevent such deprivations and denials to Plaintiff.

3. The Plaintiff alleges that defendants caused Plaintiff to suffer bodily and emotional distress in the course and result of depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and under the laws of the State of New York.

4. The Plaintiff alleges that the City of New York (CITY) bears responsibility for said deprivations and damages herein because of the City's policies and customs that predated and existed at the time of the subject police actions.

## JURISDICTION

5. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and the Fourth and Fourteenth Amendments to the United States Constitution.

6. Venue is laid within the United States District Court for the Eastern District of New York in that a) defendant City of New York is located within said district, and b), a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is and was a citizen of the United States and resident of the County of Kings, City and State of New York.

8. Defendant City of New York (CITY) is a municipal corporation organized and under the laws of the State of New York.

9. The CITY is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department (NYPD).

10. The NYPD acts as the City's agent in the area of law enforcement.

11. Wherein legally applicable, the CITY is responsible for the actions of its agent, NYPD.

12. The law enforcement activities of the NYPD are funded partially by the federal government

13. Defendant Jay Rivera (RIVERA), at all times material to this Complaint, was a duly appointed police officer of the CITY.

14. At all times material to this Complaint, RIVERA acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

15. Defendant Christopher Alvarado (ALVARADO), at all times material to this Complaint, was a duly appointed police officer of the CITY.

16. At all times material to this Complaint, ALVARADO acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

17. Defendant Sgt. William Hall, (HALL) tax ID # 904097, at all times material to this Complaint, was a duly appointed police officer of the CITY.

18. At all times material to this Complaint, HALL acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

19. Upon information and belief, at all times material to this Complaint, HALL held supervisory authority and rank over ALVERADO and RIVERA.

20. Defendant Lt. Leahy, Tax ID # 879936, (LEAHY) at all times material to this Complaint, was a duly appointed police officer of the CITY.

21. At all times material to this Complaint, LEAHY acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

22. Upon information and belief, at all times material to this Complaint, LEAHY held supervisory authority and rank over HALL, ALVERADO and RIVERA.

23. Defendants JOHN DOES #3 through 6, and others not presently known to the Plaintiff were, at all times material to this Complaint, duly appointed police officers of the CITY. Leave of court will be sought to amend this complaint to include the true names and capacities of the John Does, and any other responsible person or entity as soon as practicable.

24. At all times material to this Complaint, Defendants JOHN DOES #3 through 6 and other NYPD personnel not presently known to the Plaintiff acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

25. At all times relevant herein, Michael Bloomberg was the Mayor of the City of New York and the chief policy making official for the City and its departments, including the NYPD. Mayor Bloomberg is sued in both his individual and official

capacities.

26. At all times relevant herein, Raymond Kelly was the Police Commissioner for the City.

27. At all times relevant herein, Raymond Kelly was NYPD's chief executive and policy maker.

28. At all times relevant herein, Raymond Kelly was ultimately responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who were then employed by the NYPD, including the Defendants named herein.

29. Plaintiff sues each and all Defendants (except the CITY) in both their individual and official capacities.

## **FACTS**

30. On August 26, 2011, at approximately 6:00 a.m. in the County of Kings, Plaintiff was driving an automobile in the vicinity of 450 Atkins Avenue.

31. Plaintiff was driving lawfully, without violation of any traffic rule then in effect.

32. Plaintiff's vehicle did not exhibit any equipment violations of any traffic rule then in effect.

33. At that approximate place and time, RIVERA, ALVARADO and as of yet unnamed John Doe police officers were driving several unmarked and marked police cars.

34. At that approximate place and time, RIVERA, ALVARADO and as of yet unnamed John Doe police officers ordered Plaintiff to stop the car he was driving and pull over.

35. Said orders had no legal basis.

36. Plaintiff did not feel free to ignore the order and continue driving.

37. Plaintiff complied immediately to the aforesaid commands by parking the car at the curb.

38. RIVERA, ALVARADO and John Doe police officers ordered plaintiff to exhibit his license and registration.

39. Plaintiff complied with said orders by presenting these documents.

40. Plaintiff presented documents that were complete and in effect.

41. Plaintiff asked the John Does several times why he was pulled over.

42. RIVERA, ALVARADO and the John Does responded by telling Plaintiff to shut up.

43. RIVERA, ALVARADO and the John Does ordered Plaintiff to get out of his automobile.

44. Said orders had no legal basis.

45. The Plaintiff complied with said orders.

46. Plaintiff did not feel free to refuse compliance with these orders.

47. The Plaintiff did not resist these orders.

48. RIVERA, ALVARADO and the John Does ordered Plaintiff to turn away from the automobile and then began searching through Plaintiff's car.

49. When Plaintiff asked for an explanation, RIVERA and the John Does told him to shut up.

50. RIVERA, ALVARADO and the John Does searched Plaintiff's automobile for approximately 15 to 20 minutes.

51. Previous to said place and time, Plaintiff received medical prescriptions for

various diagnosed physical conditions.

52. At the time and place of the above-mentioned police action, Plaintiff had two of these prescribed medications with him in the car.

53. At that time and place, Plaintiff had Acetaminophen with Codeine pills and potassium pills in a clear brown, unmarked prescription bottle.

54. At that time and place, the prescription bottle was in the driver's side door "pocket".

55. After the stop and search, RIVERA, ALVARADO and Defendant John Does handcuffed Plaintiff and transported him against his will to the 75th Precinct headquarters.

56. At the 75th Precinct headquarters, Plaintiff was told was he arrested for Criminal Possession of a Controlled Substance, the substance being Plaintiff's prescribed medication.

57. On August 26, 2011, beginning at approximately 6:00 a.m in the County of Kings, the Defendants made unreasonable seizures of the Plaintiff.

58. On August 26, 2011, beginning at approximately 6:00 a.m. in the County of Kings, the Defendants made unreasonable searches of the Plaintiff.

59. On August 26, 2011, beginning at approximately 6:00 a.m. in the County of Kings, the Defendants made unreasonable searches of the Plaintiff's property.

60. On August 26, 2011, beginning at approximately 6:00 a.m. in the County of Kings, the Defendants detained Plaintiff unlawfully.

61. On August 26, 2011, beginning at approximately 6:00 a.m. in the County of Kings, the Defendants arrested Plaintiff unlawfully.

62. It is alleged that from August 26, 2011 through August 30, 2011, in the County of Kings, in addition to the unlawful search and seizure, the Defendants detained Plaintiff for excessively long periods, before presenting him to a local magistrate for arraignment on August 30, 2011, thereby violating his rights under the Constitutions, Amendments and Statutes of the United States and New York State.

63. During Plaintiff's detention, Plaintiff notified officers and agents of the CITY and NYPD of the worsening of his medical condition and symptoms, and his need for medical attention.

64. At all times relevant herein, Plaintiff was prescribed and regularly took several medications.

65. At all times relevant herein, Plaintiff informed officers and agents of the CITY and NYPD that he needed his prescribed medications.

66. During his detention, Plaintiff was refused access to his medications.

67. As a result of the Defendants' withholding his medication, Plaintiff suffered further pain and physical discomfort, as well as emotional distress.

68. It is alleged that from August 26, 2011 through August 30, 2011, the defendants JOHN DOES delayed provision of necessary medical treatment to Plaintiff, also thereby lengthening the time from arrest through arraignment.

69. This delay resulted from the deliberate indifference and callous disregard of Plaintiff's rights.

70. During Plaintiff's detention, he was subjected to further pain and physical discomfort, as well as emotional distress by reason of the conditions of confinement imposed by and in the control of the Defendants, including, but

not limited to overcrowding prisoners to an inadequate and closed space for urination, defecation, breathing, eating and drinking and which prevented normal sitting and standing.

71. On August 30, 2011, from the hospital, defendants brought Plaintiff to the Kings County Criminal Court for arraignment on the charge of Criminal Possession of a Controlled Substance. The Plaintiff was released and ordered to reappear on November 2, 2011.

72. On November 2, 2011, the criminal case against the Plaintiff was dismissed on the prosecution's motion.

73. The substances, which Plaintiff was accused of possessing illegally, were in fact Plaintiff's prescribed medication.

74. As a direct and proximate result of the said acts of the Defendant police officers, the Plaintiff suffered the following injuries and damages:

    a. violation of his rights under the New York State and United States Constitutions to be free from an unreasonable search and seizure of his person and property;
    b. loss of his physical liberty, without his consent;
    c. accusation and prosecution without basis,
    d. physical and emotional trauma and suffering.

75. It is further alleged that these violations were committed as a result of policies and customs of the City, its Mayor, Michael Bloomberg, its Police Department, the NYPD, and Police Commissioner Raymond Kelly.

76. That in compliance with the General Municipal Law of the State of New York, and within ninety days after the date the incidents and injuries set forth herein

were sustained, Plaintiff LAWRENCE SPENCER duly presented a Notice of Claim for such damages to the Defendant CITY.

77. That the claim was duly verified and stated the time, place, cause, and nature of Plaintiff's causes of action and damages.

78. More than thirty days have elapsed since the presentation of the claim and said claim has not been negotiated or paid.

## COUNT I

Unlawful Seizure and Detention Under
42 USC § 1983 Against All Defendants

79. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

80. On August 26, 2011, Plaintiff was stopped in his automobile without sufficient legal cause.

81. On August 26, 2011, Plaintiff's person was searched without sufficient legal cause.

82. On August 26, 2011, Plaintiff's automobile was searched without sufficient legal cause.

83. On August 26, 2011, Plaintiff was arrested without sufficient legal cause.

84. Beginning on August 26, 2011 at approximately 6:00 a.m. the Defendants detained Plaintiff against his will until August 30, 2011 when he was brought before a judge of the Criminal Court of Kings County for arraignment.

85. The conduct of all of the Defendants violated the right, guaranteed by the Fourth and Fourteenth Amendments and 42 USC §1983, to be free of unreasonable searches and seizures.

86. By virtue of the foregoing, the Plaintiff has been damaged.

## **COUNT II**

Unlawful Detention & Arrest Under 42 USC § 1983
Against All Defendants

87. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

88. On August 26, 2011, Plaintiff was detained and arrested without probable cause.

89. Beginning on August 26, 2011 the Defendants and as of yet unidentified officers detained/confined Plaintiff for 5 days before a judge of the Criminal Court of Kings County arraigned Plaintiff.

90. Said 5 day period of detention was unlawful.

91. Said 5 day period of detention was unconscionable.

92. Said 5 day period of detention was intentional.

93. Said 5 day period of detention was a result of deliberate indifference and callous disregard of Plaintiff's rights.

94. Said 5 day period of detention deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

95. As a result of the foregoing, the Plaintiff was damaged.

## COUNT III
Failure to Instruct, Supervise and Control
Cognizable Under *Monell* and 42 USC §1983
Against the City & Commissioner Kelly

96. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

97. At all times relevant to this complaint, Defendant NYPD officers ALVERADO and RIVERA were acting under the direction and control of HALL and their Supervisors and the CITY.

98. The individually cited Defendants were acting pursuant to official policy or practice, custom and usage of the City and NYPD.

99. Acting under color of law, by and through the policy makers of the City and pursuant to the official policy or customs and practice, Defendants HALL and the City and as of yet unidentified supervisory officers intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the Plaintiff, failed to instruct, supervise, control, and discipline, on a continuing basis, Defendant police officers in the performance of their duties to refrain from:

    a. unlawfully and maliciously harassing and arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; and

    b. unlawfully and unconstitutionally detaining a citizen in violation of clear constitutional and statutory rights, privileges, and immunities.

    c. conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and Laws of the United States and

    d. otherwise depriving Plaintiff of his Constitutional and Statutory rights, privileges and immunities.

100. Defendants HALL and as of yet unidentified supervisory officers and the CITY had knowledge of, or, had they diligently exercised their duties to instruct supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, were going to be committed.

101. Defendants CITY, HALL and as of yet unidentified supervisory officers had power to prevent, or aid in preventing the commission of said wrongs, could have done so with reasonable diligence, and intentionally, knowingly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to do so.

102. Defendants HALL and as of yet unidentified supervisory officers, and the CITY, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

103. As a result of the foregoing, Plaintiff suffered severe physical distress and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution and protected by 42 USC §1983.

104. As a result of the foregoing, the Plaintiff was damaged.

**WHEREFORE**, the Plaintiff petitions this Court to:

a. Award compensatory damages to Plaintiff against the Defendants;

b. Allow punitive damages to be determined by the trier of fact;

c. Award costs of this action to the Plaintiff;

d. Award Attorney Fees to Plaintiff's Counsel pursuant to 42 U.S.C. 1988; and

e. Award such other and further relief, as this Court may deem just and proper.

Brooklyn, New York
April 27, 2015

                                        Respectfully Submitted,

                                        Steven L. Hubert, Esq.
                                        Attorney for Plaintiff
                                        26 Court Street-Suite 1013
                                        Brooklyn, N.Y. 11242
                                        718-522-4646